UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:21-CV-57-JHM

MARY BULLOCK                                                                                              PLAINTIFF

V.

JANICE ALMON AND SHELTER MUTUAL INSURANCE CO.                         DEFENDANTS

<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter is before the Court on Mary Bullock's Motion to Remand and for Attorney's Fees. [DN 7]. Fully briefed, this matter is ripe for decision. For the following reasons, Bullock's Motion to Remand is **GRANTED** and Motion for Attorney's Fees is **DENIED**.

**I. BACKGROUND**

On February 7, 2017, Mary Bullock and Janice Almon were involved in a motor vehicle collision in Hopkins County, Kentucky. [DN 14-1 at 2]. Chris Bullock (as parent and next friend of Mary Bullock) sued Almon and Safeco Insurance Company of Illinois in Hopkins Circuit Court. [*Id.* at 1]. Bullock alleged that Almon was negligent under common law and K.R.S. §§ 189.290(1), 189.390(2), K.R.S. § 446.070. [*Id.* at 3]. Bullock also alleged that she was entitled to underinsured motorist benefits that Safeco provided to Chris Bullock. [*Id.*]. On May 30, 2019, a jury found that Almon "failed to operate her vehicle with ordinary care for the safety of other persons and vehicles using the highway, and that such failure was a substantial factor in causing the collision with Mary Bullock's automobile." [DN 14-5 at 2]. The jury also found that Bullock "operat[ed] her vehicle with ordinary care for the safety of other persons and vehicles using the highway, and that [her actions were not] a substantial factor in causing the collision with Janice Almon's automobile**.**" [*Id.* at 3]. The Hopkins Circuit Court entered a

judgment on July 18, 2019 ordering Almon to pay $81,539.80 to Bullock. [*Id.* at 4]. When Almon appealed the judgment [DN 14-3], it was affirmed on July 17, 2020 [DN 1-2 at 2, DN 14 at 2]. Then, on December 8, 2020, the Hopkins Circuit Court "entered an order allowing for the recovery of Plaintiff's costs in the amount of $3,640.99, post-judgment interest accrued in the amount of $7,038.08, and declaring that the total judgment amount of $92,318 (as of that date) shall bear six percent (6%) interest, compounded annually, until paid." [DN 1-2 at 3]. Almon did not appeal the December 8, 2020 order. [*Id.*].

At the time of the collision, Almon had an insurance policy with Shelter. [*Id.*]. The policy allegedly covers Almon "in the amount of $50,000 per person, $100,000 per accident." [*Id.* at 3]. Bullock filed this suit against Almon and Shelter on April 9, 2021 in the Hopkins Circuit Court. [*Id.* at 1]. She has alleged six counts: (1) Enforcement of the July 18, 2019 Judgment and December 8, 2020 Order Against Janice Almon and Violation of Kentucky Uniform Voidable Transactions Act, (2) Enforcement of the July 18, 2019 and December 8, 2020 Order Against Shelter, (3) Statutory Bad Faith Against Shelter for Violations of the Kentucky Unfair Claims Settlement Practices Act, (4) Common Law Bad Faith Against Shelter, (5) Violation of K.R.S. § 304.12-235 Against Shelter, and (6) Punitive Damages Against Shelter. [*Id.* at 4–9].

Bullock says that the day before Shelter removed this case to federal court, it "tendered a check to plaintiff in the amount of $52,452.70 toward the indebtedness of itself and its insured." [DN 7 at 4]. On May 26, 2021, Shelter removed the case to this Court under diversity jurisdiction. [DN 1]. Shelter claims that diversity of citizenship exists between it and Bullock, and that the amount in controversy exceeds $75,000. [*Id.* at 3–4]. And although Almon is a Kentucky citizen, Shelter argues that Almon's citizenship does not destroy diversity jurisdiction

because Bullock fraudulently joined her. [*Id.* at 4]. Bullock has now moved to remand the case to Hopkins Circuit Court and seeks attorney's fees. [DN 7]. She argues that the case should be remanded because the removal is untimely, the notice of removal is defective, and Almon is not a fraudulently joined party. [DN 7 at 15–17, 5–8, 8–14].

## II. STANDARD OF REVIEW

Removal from state to federal court is proper for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Shelter removed this action under 28 U.S.C. § 1441, claiming that this Court has diversity jurisdiction over the action under 28 U.S.C. § 1332. Diversity jurisdiction gives "[t]he district courts . . . original jurisdiction [over] all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a), (a)(1).

## III. DISCUSSION

### A. Motion to Remand

#### 1. Was the notice of removal timely filed?

Bullock argues that Shelter's removal was not timely because "more than 30 days elapsed from the time Shelter was served with the summons and complaint . . . ." [DN 7 at 15]. 28 U.S.C. § 1446(b)(1) describes the requirements for a defendant to file a notice of removal:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

In explaining 28 U.S.C. § 1446(b), the Supreme Court in *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) held that "a named defendant's time to remove is

triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."

When determining "the validity of service in state court prior to the defendant's removal," Kentucky law applies. *Ashford v. Bollman Hat Co.,* 10–192–JBC, 2011 WL 127153 (E.D. Ky. Jan. 14, 2011). And under *Murphy Brothers*, "the thirty day removal period is triggered by the completion of formal process under Kentucky law and the actual receipt of the complaint by Defendant [Shelter]." *Whelan v. Dollar Gen. Corp.*, No. 3:11-cv-495-CRS, 2012 WL 1947179, at *3 (W.D. Ky. May 30, 2012).

Because Shelter is an out-of-state defendant, it was served via Kentucky's long-arm statute under K.R.S. § 454.210(3), which provides:

> (b) The clerk of the court in which the action is brought shall issue a summons against the defendant named in the complaint. The clerk shall execute the summons either by:
>> 1. Sending by certified mail two (2) true copies to the Secretary of State and shall also mail with the summons two (2) attested copies of plaintiff's complaint; or
>> 2. Transmitting an electronically attested copy of the complaint and summons to the Secretary of State via the Kentucky Court of Justice electronic filing system.
>
> (c) The Secretary of State shall, within seven (7) days of receipt thereof in his office, mail a copy of the summons and complaint to the defendant at the address given in the complaint. The letter shall be posted by certified mail, return receipt requested, and shall bear the return address of the Secretary of State. The clerk shall make the usual return to the court, and in addition the Secretary of State shall make a return to the court showing that the acts contemplated by this statute have been performed, and shall attach to his return the registry receipt, if any. **Summons shall be deemed to be served on the return of the Secretary of State** and the action shall proceed as provided in the Rules of Civil Procedure.

K.R.S. § 454.210(3) (emphasis added). The Secretary of State mailed a copy of the summons and complaint on April 20, 2021. [DN 14-8]. Then, on April 26, 2021, the Secretary of State made its statutorily required return to the court showing that the acts contemplated by the statute

4

had been performed. [*Id.*]. "[U]nder Kentucky law, it is clear that the return from the Secretary of State, and not the actual receipt by the defendant, is what establishes formal service and jurisdiction." *Whelan*, 2012 WL 1947179, at *3; *Travelers Prop. Cas. Co. of Am. v. Rapid Power*, No. 5:12-cv-00038-R, 2012 WL 1252574, at *2 (W.D. Ky. Apr. 13, 2012) ("Under the long-arm statute, a party is not deemed served until the Secretary of State files a return of service."). Thus, formal service of process upon Shelter was completed under Kentucky law on April 26, 2021.

Bullock argues that because Shelter received both the summons and complaint on April 23, 2021, its removal on May 26, 2021 was untimely. [DN 7 at 15]. In its notice of removal, Shelter claims that it was served with the complaint "[o]n or about April 23, 2021 . . . via the Kentucky long-arm statute." [DN 1 at ¶ 2]. The key here is that Shelter was not *formally* served on April 23, 2021 as required under *Murphy*. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999)("We read Congress' provisions for removal in light of a bedrock principle: An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process.").

Bullock attempts to support her argument by claiming that *Courtney Southers v. Appalachian Reg'l Healthcare, Inc.*, No. 7:20-CR-126, 2021 WL 1250315 (E.D. Ky. Apr. 5, 2021) offers a different reading of *Murphy* than the courts in the Western District of Kentucky. [DN 7 at 16]. In *Southers*, the defendant, a *Kentucky citizen*, removed the case to federal court and had been formally served the complaint and summons via certified mail under the Kentucky Rules of Civil Procedure. *Id.* at *1–2. *Southers* did not involve formal service on an out-of-state defendant via the Kentucky long-arm statute, which plainly contemplates service **"on the return**

**of the Secretary of State**." K.R.S. § 454.210(3)(c). The removal clock did not begin here until formal service was completed on April 26, 2021. Thus, Shelter's removal was timely.

### 2. Was the notice of removal defective?

Bullock complains that Shelter's Notice of Removal was defective because it failed "to explain how or why it believes that plaintiff's claims against Almon lack any colorable basis in law or fact." [DN 7 at 5]. 28 U.S.C. § 1446(a) says that the notice of removal should "contain[] a short and plain statement of the grounds for removal . . . ." "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (citation omitted).[1] "Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the pleading requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Id.* (citation omitted and alteration in original). "When deciding a motion to remand, including fraudulent joinder allegations, we apply a test similar to, but more lenient than, the analysis applicable to a Rule 12(b)(6) motion to dismiss." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012) (citation omitted).

Shelter's notice says, in relevant part, that "Shelter has not obtained the consent of its co-defendant, Janice Almon, a Kentucky resident, because Shelter asserts that Janice Almon is a party fraudulently joined in this action to prevent diversity jurisdiction. The claims asserted against Almon have no colorable basis, and are improper, unnecessary, and more appropriately

---

[1] Federal Rules of Civil Procedure 8(a) says the following:
    **(a) Claim for Relief.** A pleading that states a claim for relief must contain:
        **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
        **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
        **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

resolved in a pending lawsuit filed by Mary Bullock against Janice Almon in Hopkins Count[y] Circuit Court (Case No. 17-CI-00789)." [DN 1 at ¶ 7]. Shelter later reasserts that "[n]o colorable claims against Janice Almon are asserted in Plaintiff's complaint." [*Id.* at ¶ 13]. Regarding whether Bullock has any colorable claims, Shelter says that it "is prepared to make such a showing in response to a Motion for Remand or the Court's *sua sponte* review." [*Id.* at ¶ 16].

Many courts have found a removing party's notice of removal defective because it failed to raise fraudulent joinder in the notice. *See, e.g., Snell v. State Auto Prop. & Cas. Ins. Co.*, No. 6:21-CV-22-REW, 2021 WL 1292509, at *1 (E.D. Ky. Apr. 7, 2021) ("State Auto had to raise fraudulent joinder as a removal theory in the initial notice or amend the notice to include it within thirty days of service."). Here, Shelter at least raised the theory, although in a somewhat conclusory manner. Bullock's argument that the Notice is defective has merit. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). However, the Court declines to answer the question definitively given the resolution of the motion here.

### 3. Was Almon fraudulently joined?

Remand is appropriate because Almon was not fraudulently joined. "The burden is on the [Shelter] to show fraudulent joinder, and as with any dispute over removal, all doubts are resolved in favor of remand." *Burton v. Medtronic, Inc.*, No. 3:12CV-00317-JHM, 2012 WL 5362497, at *1 (W.D. Ky. Oct. 31, 2012) (citing *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir.1999); *Alexander v. Elec. Data Sys. Corp.,* 13 F.3d 940, 949 (6th

Cir.1994)). "[A]ny disputed questions and fact and ambiguities in the controlling state law [should be resolved] . . . in favor of the nonremoving party." *Alexander*, 13 F.3d at 949 (quoting *Carriere v. Sears Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990)).

"To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne v. Am. Tobacco Co.,* 183 F.3d 488, 493 (6th Cir.1999) (citation omitted). "Therefore the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Probus v. Charter Commc'ns, LLC,* 234 F. App'x. 404, 406–07 (6th Cir.2007) (quoting *Alexander*, 13 F.3d at 949); *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999) ("Under the doctrine of fraudulent joinder, the inquiry is whether JDI had at least a colorable cause of action against North Brothers in the Michigan state courts."). Or, stated another way, there must be a "reasonable basis for predicting that [the plaintiff] could prevail." *Alexander*, 13 F.3d at 949 (alteration in original and citation omitted).

In the complaint, Bullock alleges that Almon owes her $94,138 per the July 18, 2019 judgment and the December 8, 2020 order. [DN 1-2 at 4]. She also claims that under the Kentucky Uniform Voidable Transactions Act, "Almon is presumed to be insolvent." [DN 1-2 at 4]; K.R.S. § 378A.020 ("A debtor that is generally not paying the debtor's debts as they become due other than as a result of a bona fide dispute is presumed to be insolvent."). Bullock is pursuing a cause of action under the Kentucky Uniform Voidable Transactions Act because she alleges that "Almon has transferred, dissipated, encumbered, or otherwise diminished her assets to avoid, hinder or delay payment of her debt to Bullock," in violation of the Act. [DN 1-2 at 4];

8

K.R.S. § 378A.070[2] (specifying what a creditor may obtain in "an action for relief against a transfer or obligation").

Shelter argues that Bullock has "no colorable basis for a state law claim in the present suit against Almon because her claims against Almon are barred by the doctrine of res judicata and claim splitting." [DN 14 at 4].[3] "Under Kentucky law, *res judicata* only applies if the three following factors are met: (1) identity of the parties; (2) identity of the causes of action; and (3) resolution of the action on its merits." *Evans v. Cincinnati Ins. Grp.*, No. 4:12-CV-00086-JHM, 2013 WL 2149848, at *2 (W.D. Ky. May 16, 2013) (citation omitted). Here, there is no identity of the parties. In the 2017 lawsuit, Bullock sued Almon and Safeco Insurance Company. [DN 14-1]. Shelter was not a party to the 2017 lawsuit. *See id.* at *2 ("The parties in the action are not identical, as Defendant is not a named party in the Union Circuit Court action.").

There is also no identity of the causes of action. In the 2017 suit, Bullock had three causes of action: common law negligence, statutory negligence, and underinsured motorist benefits. [DN 14-1 at 2–3]. Under the current suit, Bullock seeks to enforce the unpaid

---

[2] (1) In an action for relief against a transfer or obligation under this chapter, a creditor, subject to the limitations in KRS 378A.080, may obtain:
   (a) Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim;
   (b) An attachment or other provisional remedy against the asset transferred or other property of the transferee if available under applicable law; and
   (c) Subject to applicable principles of equity and in accordance with applicable Rules of Civil Procedure:
      1. An injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property;
      2. Appointment of a receiver to take charge of the asset transferred or of the other property of the transferee; or
      3. Any other relief the circumstances may require.
(2) If a creditor has obtained a judgment on a claim against the debtor, the creditor, if the court so orders, may levy execution on the asset transferred or its proceeds.

[3] "Res judicata consists of two concepts, claim preclusion and issue preclusion (also called collateral estoppel). Claim preclusion bars subsequent litigation between the same parties or their privies, on a previously adjudicated cause of action. Issue preclusion, on the other hand, precludes the relitigation of an issue that was actually litigated and decided in a prior proceeding. Finally, the rule against splitting causes of action precludes successive actions arising from one transaction." *Moorhead v. Dodd*, 265 S.W.3d 201, 203 (Ky. 2008) (citations omitted).

judgment and order against Almon and alleges that Shelter acted in bad faith. [DN 1-2 at 4–8]. Although Shelter claims that Bullock is trying to relitigate the issue of Almon's negligence [DN 14 at 6], that is not the case because Bullock makes no allegation of negligence in the current lawsuit [DN 1-2]. Thus, res judicata is not applicable.

The rule against splitting causes of action "limits all causes of action arising out of a single 'transaction' to a single suit rather than proceeding piecemeal in multiple actions." *Evans*, 2013 WL 2149848, at *2 (quoting *Watts v. K, S & H*, 957 S.W.2d 233, 235 (Ky. 1997)). "It is applicable when a plaintiff attempts to file different claims, under separate legal theories, in different courts against the same defendant." *Id.* (citing *Watts*, 957 S.W.2d at 235–37). "[T]he rule against splitting causes of action is an equitable rule, and it is subject to a number of exceptions." *Coomer v. CSX Transp., Inc.*, 319 S.W.3d 366, 372 (Ky. 2010). "For example, the rule does not necessarily bar a subsequent suit on 'matters which were not germane to, implied in or essentially connected with the actual issues in the case . . . .' Nor does the rule apply to a cause of action before it accrues." *Id.*

Shelter argues that Bullock's claims in this lawsuit "arise from the same transactional nucleus of facts as those of the Underlying Action. The collection on the judgment from the Underlying Action arises from the same nucleus of facts and any efforts to execute the judgment likewise must be pursued within the Underlying Action." [DN 14 at 8]. Almon's nonpayment of her judgment, however, did not accrue until after the state court entered a judgment against Almon and Almon did not pay the judgment. Thus, claim splitting does not apply. Bullock has not met its burden in showing that Almon was fraudulently joined.

Next, the Court turns to Shelter's argument that Almon is not a necessary party under the Kentucky Rules of Civil Procedure. Kentucky Rule of Civil Procedure 20.01, which governs permissive joinder, says in part:

> All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Ky. R. Civ. P. 20.01. Shelter contends that "[t]here is a complete absence of a question of law or fact that would be relevant to a third-party bad faith claim by Bullock and that would also be relevant to a fraudulent transfer/collection action against Almon." [DN 14 at 11]. Even though Shelter does not say it, Shelter is making a fraudulent *misjoinder* argument here—not fraudulent *joinder*. "Fraudulent misjoinder arguably occurs when a plaintiff joins a valid, but unrelated, claim against a non-diverse defendant in order to defeat diversity." *Murriel-Don Coal Co. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 599 (E.D. Ky. 2011); *Asher v. Minnesota Mining & Mfg. Co.*, No. 04-CV-522-KKC, 2005 WL 1593941, at *4 (E.D. Ky. June 30, 2005) (same).

Shelter did not argue fraudulent misjoinder in its notice of removal, so the Court will only focus on its fraudulent joinder argument because Shelter has waived fraudulent misjoinder as a basis for removal. *See Sandusky v. Acuity*, No. 3:17-CV-516-DJH-CHL, 2018 WL 2054565, at *1 n.1 (W.D. Ky. May 2, 2018) ("Acuity clearly relies upon the doctrine of fraudulent joinder in its notice of removal. The Court's analysis will therefore be limited to fraudulent joinder."); *see also Warner v. Midnight Recovery, Inc.*, No. 3:19-CV-00453-RGJ, 2020 WL 1105111, at *4 (W.D. Ky. Mar. 6, 2020) ("GEICO waived its ability to claim fraudulent joinder as a basis for diversity jurisdiction" because it failed to raise fraudulent joinder as a ground for removal in its notice of removal and did not file an amendment raising the issue within thirty days.).

11

Also, while the Court must follow binding Sixth Circuit precedent on fraudulent joinder, "its hands are not similarly tied with respect to fraudulent misjoinder." *Murriel-Don Coal Co.*, 790 F. Supp. 2d at 600; *Kent State Univ. Bd. of Trustees v. Lexington Ins. Co.*, 512 F. App'x 485, 491 n.1 (6th Cir. 2013) ("[T]he Sixth Circuit had not adopted the fraudulent misjoinder doctrine."); *Gipe v. Medtronic, Inc.*, 416 F. Supp. 3d 687, 697 (W.D. Ky. 2019) (same); *Sandusky*, 2018 WL 2054565, at *1 n.1 (same); *Handshoe v. DePuy Synthes Sales, Inc.*, No. 7:19-CV-6-REW, 2019 WL 4039623, at *2 (E.D. Ky. Aug. 27, 2019) (same); *Williams v. Altman, McGuire, McClellan & Crum, P.S.C.*, No. CIV. 12-131-ART, 2013 WL 28378, at *6 (E.D. Ky. Jan. 2, 2013) (same). "Therefore, in light of the questionable basis of the Court's authority to conduct fraudulent-misjoinder analysis and the numerous unsettled doctrinal questions, the Court agrees with the other district courts that have left the whole enterprise to the state courts." *Murriel-Don Coal*, 790 F. Supp. 2d at 600 (citations omitted).

### B. Motion for Attorney's Fees

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may request payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The use of "may" in this provision gives courts discretion to grant fees to the opposing party. *Ohio ex rel. Skaggs v. Brunner*, 629 F.3d 527, 530 (6th Cir. 2010). The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Sixth Circuit has "similarly instructed that an award of costs, including attorney fees, is inappropriate where the defendant's attempt to remove the action was 'fairly supportable,' or where there has not been at least *some* finding of fault with the defendant's decision to remove." *Warthman v. Genoa Twp. Bd. Of Trs.*, 549 F.3d

12

1055, 1059–60 (6th Cir. 2008) (internal quotations and citation omitted).  Shelter's arguments regarding fraudulent joinder "have come up short.  But the Court cannot say that the arguments were 'objectively unreasonable.'"  *Murriel-Don Coal Co.*, 790 F. Supp. 2d at 600.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Mary Bullock's the Motion to Remand is **GRANTED** and Motion for Attorney's Fees is **DENIED**.

Joseph H. McKinley Jr., Senior Judge
United States District Court

August 5, 2021

cc:     Counsel of Record